UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FABIO JAVIER CAICEDO-GUTIERREZ,

    Petitioner,

v.                                              CASE NO. 8:08-CV-474-T-30TBM
                                                    CRIM. CASE NO. 8:04-CR-374-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

    Petitioner has filed a Notice of Appeal (CV Dkt. 10) of this Court's decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 8), which the Court construes as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 11), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Petitioner has also filed an Affidavit of Indigency which the Court construes as a motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 12).

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

The Court addressed Petitioner's claims on the merits. While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's construed application for issuance of a certificate of appealability (CV Dkt. 11) is **DENIED**.

2. Petitioner's construed motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copy furnished to</u>:
Petitioner *pro se*
Counsel of Record